UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG PHI NGUYEN,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>　　　　　　　　　Respondents. | Case No.: 3:25-cv-03756-CAB-VET<br><br>**ORDER:**<br>**(1) REQUIRING RESPONSE TO PETITION FOR A WRIT OF HABEAS CORPUS [Doc. No. 1]**<br><br>**(2) DENYING TEMPORARY RESTRAINING ORDER [Doc. No. 2]** |

On December 24, 2025, Petitioner Hung Phi Nguyen ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [Doc. No. 1 ("Petition"),] and a motion for temporary restraining order, [Doc. No. 2 ("TRO")]. Petitioner claims that he has been detained by Immigration and Customs Enforcement ("ICE") since June 19, 2025, in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001), 8 U.S.C. § 1231, the Fifth Amendment, and ICE's own regulations governing re-detention. [Petition at 2, 9–19.] Petitioner also seeks to enjoin ICE from removing him to a third country without an opportunity to assert a fear-based claim before an immigration judge. [*Id.*]

Having reviewed the Petition, the Court finds summary dismissal is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory,

palpably incredible, or patently frivolous or false."). Therefore, the Court will order a response to the Petition.

Turning to the TRO, the Court denies the *ex parte* motion. *See* Fed. R. Civ. P. 65(b). While temporary restraining orders may be heard in true *ex parte* fashion (i.e., without notice to an opposing party), the Court's strong preference is for the opposing party to be served and afforded a reasonable opportunity to file an opposition. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974) (discussing *ex parte* temporary restraining orders and their "stringent restrictions"); *accord Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (same). Though counsel for Petitioner states that a copy of the Petition and the motion for TRO would be emailed to the United States Attorney's Office, no counsel for Respondents has appeared or been identified. [TRO at 6.] The Court instead provides notice to the parties that it intends to consolidate the TRO with a determination on the merits under Rule 65(a)(2). *See* Fed. R. Civ. P. 65(a)(2); *see also Slidewaters LLC v. Wash. State Dep't of Lab. & Indus.*, 4 F.4th 747, 759 (9th Cir. 2021) (noting the court can invoke Rule 65(a)(2) by giving "clear and unambiguous notice").

Accordingly, the Court **ORDERS** as follows:

1. Respondents shall file a response by **January 5, 2026**. The response must address the allegations in the Petition and the motion for TRO and must include any documents relevant to the determination of the issues raised.

2. Petitioner may file a reply by **January 8, 2026**.

3. To maintain the status quo, Respondents, their officers, agents, servants, employees, attorneys, and other persons who act in concert or participation with Respondents **SHALL NOT** transfer Petitioner outside of the Southern District of California pending the Court's resolution of the Petition.[1]

---

[1] *See Doe v. Bondi*, Case No. 3:25-cv-805-BJC-JLB, 2025 WL 1870979, at *1 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether [they have]

    4.   <u>The Clerk of Court shall provide the Civil Division of the U.S. Attorney's Office with a copy of the Petition, the motion for TRO, and this order.</u>

It is **SO ORDERED**.

Dated: December 29, 2025

                                            Hon. Cathy Ann Bencivengo
                                            United States District Judge

---

subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (collecting cases).