UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG PHI NGUYEN,<br><br>                        Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>                        Respondents. | Case No.:  3:25-cv-03756-CAB-VET<br><br>**ORDER PARTIALLY GRANTING HABEAS PETITION**<br><br>**[Doc. No. 1]** |

Pending before the Court is Hung Phi Nguyen's ("Petitioner") petition for a writ of habeas corpus under 28 U.S.C. § 2241, [Doc. No. 1 ("Petition")].[1]  Petitioner argues that his detention by Immigration and Customs Enforcement ("ICE") since June 19, 2025 violates the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), 8 U.S.C. § 1231, and ICE's own regulations governing re-detention.  Petitioner additionally requests that Respondents be prohibited from removing him to a country other than Vietnam ("third country") without proper notice and other procedural protections. Respondents filed a response to the Petition, [Doc. No. 5], and Petitioner filed a traverse, [Doc. No. 6].  For the following reasons, the Court **PARTIALLY GRANTS** the request

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

1

25-cv-03756-CAB-VET

for a writ of habeas corpus and **ORDERS** Respondents to immediately release him from custody under the same conditions of release that existed immediately prior to his June 19, 2025 re-detention.

## I. BACKGROUND

Petitioner is a citizen of Vietnam whose father was an American soldier. [Petition at 3.] He came to the United States in 1984 as a refugee and soon after received a green card. [*Id;* Doc. No. 5 at 2.] After Petitioner was convicted of possession of a forged instrument in 2011, he was ordered removed to Vietnam on September 19, 2017. [Doc. No. 5 at 2.] He was released after approximately seven months "due to ICE's then-inability to effect Petitioner's removal." [*Id.*; Doc. No. 5-1 at 2.]

Respondents re-detained Petitioner on June 19, 2025 to effect his removal to Vietnam. [Doc. No. 5 at 2.] Respondents admit that ICE has no "record that Petitioner was served a formal Notice of Revocation of Release or given an informal interview." [*Id.*]

Petitioner also asserts that Respondents have begun to investigate his citizenship based on his parentage. [Petition at 4.]

## II. LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III. DISCUSSION

### A. Jurisdiction

Respondents argue that "[t]o the extent Petitioner's claims arise from—or seek to enjoin—the decision to execute his removal order, they are jurisdictionally barred by 8 U.S.C. § 1252(g)." [Doc. No. 5 at 4.] While Petitioner challenges the lawfulness of his continued detention and the due process he is owed before he is removed to a third country,

he does not substantively challenge ICE's decision to remove him to an appropriate country. [Doc. No. 6 at 8–10.]

Moreover, holdings from the Supreme Court and the Ninth Circuit squarely contradict Respondents' attempt to limit this Court's jurisdiction. In *Zadvydas*, the Supreme Court rejected the application of § 1252 to limit judicial review of indefinite post-removal-period detentions under § 1231(a)(6) and held "that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." 533 U.S. at 687–88. And in *Ibarra-Perez v. United States*, 154 F.4th 989 (9th Cir. 2025), the Ninth Circuit held that it had "jurisdiction to review [a petitioner's] purely legal arguments challenging ICE's removal to [a country not named in the removal order] without providing any process that would have allowed him to present evidence supporting his fear of removal to that country." *Id.* at 999.

The Court is thus satisfied of its jurisdiction and proceeds to the merits.

**B.    Petitioner's *Zadvydas* Claim**

Petitioner asserts that his detention is unlawful under the Supreme Court's *Zadvydas* decision. [Petition at 12.] When a noncitizen is found to be unlawfully present in the United States and a final order of removal is entered, the government ordinarily secures the noncitizen's removal during a subsequent 90-day statutory "removal period." 8 U.S.C. § 1231(a)(1)(A). After that 90-day removal period expires, 8 U.S.C. § 1231(a)(6) allows further discretionary detention for inadmissible or criminal noncitizens. However, the Supreme Court held in *Zadvydas* that this discretionary detention authority does not "authorize indefinite, perhaps permanent, detention" and "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute [8 U.S.C. § 1231(a)(6)]." 533 U.S. at 699. The Court fixed the time of a presumptively reasonable period of post-removal order detention at six months. *Id.* at 701. After this period, once a Petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Petitioner thus has the initial burden to show that (1)

3

1  he has experienced post-removal order detention for more than *Zadvydas*' six-month
2  presumptively reasonable period and (2) there is good reason to believe that there is no
3  significant likelihood of removal in the reasonably foreseeable future.

4        Here, Respondents admit that "Petitioner's total time in detention since September
5  2017 has exceeded the 6-month period of presumptive reasonableness [under *Zadvydas*,]"
6  but argue that he cannot show "that there is no significant likelihood of removal in the
7  reasonably foreseeable future." [Doc. No. 5 at 7 (quoting *Zadvydas*, 533 U.S. at 701).]
8  The Court disagrees.

9        In 2017–18, Respondents tried for approximately seven months to remove Petitioner
10 while he was in detention and could not. [Doc. No. 5-1 at 2.] According to Respondents,
11 this time is different because Vietnam no longer has a blanket policy of refusing to re-
12 patriate pre-1995 immigrants and ICE has successfully "removed at least 587 Vietnamese
13 citizens to Vietnam" in 2025. [*Id.* at 3.] Yet Respondents have detained Petitioner for
14 nearly seven months and still "do[] not yet have a specific date of anticipated removal."
15 [Doc. No. 5 at 9.] And after these seven months, the best Respondents can offer is that
16 "ICE ERO compiled a travel document request for Vietnam and submitted the travel
17 document application to the Removal and International Operations (RIO) for processing.
18 These removal efforts remain ongoing." [Doc. No. 5-1 at 2–3.] Notably, this travel
19 document application was submitted to RIO after Petitioner had already been in detention
20 for nearly five months, and it still has not been submitted to Vietnam.

21       As this Court has previously held, these kind of vague assertions—akin to promising
22 the check is in the mail—are insufficient to show a significant likelihood of removal in the
23 reasonably foreseeable future. *E.g. Sun v. Noem*, No. 3:25-CV-02433-CAB-MMP, 2025
24 WL 2800037, at *2 (S.D. Cal. Sept. 30, 2025). Many of our sister courts agree. *E.g.*, *Hoac*
25 *v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16,
26 2025) ("The fact that Respondents intend to complete a travel document request for
27 Petitioner does not make it significantly likely he will be removed in the foreseeable
28 future."); *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 152 (D. Mass. 2025) (finding the

processing of a travel document insufficient because the government had "not identified what concrete steps ICE has taken to process" the document nor whether the request was submitted to the removal country).

Respondents also do not provide any facts or arguments to demonstrate that unless Petitioner remains detained, he is unwilling or unable to provide the information needed for Respondents to pursue his removal.  Respondents similarly do not provide any facts or argument that when Respondents are able to secure the necessary documentation to effect Petitioner's removal to Vietnam, that Petitioner will not comply.

The time to detain Petitioner for purposes of removal, either under the statutory 90-day removal period or the 6-month *Zadvydas* period, has long passed.  Absent the Court's intervention, Petitioner may remain in ICE detention for an indeterminate time, which is contrary to settled law under *Zadvydas*.  The Court therefore **PARTIALLY GRANTS** the writ of habeas corpus and **ORDERS** Petitioner's immediate release from custody under the same conditions of release that existed immediately prior to his June 19, 2025 re-detention.

C. **Petitioner's Regulatory Claim**

Because the Court grants the request for relief under *Zadvydas*, we need not address Petitioner's additional claim based on ICE's alleged violation of its own regulations that govern the process for re-detention.

D. **Petitioner's Request to Enjoin Third Country Removal**

Petitioner also requests that the Court enjoin Respondents from removing Petitioner to a third country without certain notice requirements and other protections.  [Petition at 16–19.]  But Respondents aver that "ICE is not seeking to remove Petitioner to a third country."  [Doc. No. 5 at 3.]  And there is no evidence before the Court that if a third country is identified, Respondents will contravene Ninth Circuit precedent requiring Petitioner to be notified that he may apply for appropriate relief, including withholding of removal to that third country.  *See, e.g.*, *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right

to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."). It is thus premature on the current record for this Court to order injunctive relief related to Petitioner's potential future removal to an unidentified third country. The Court **DENIES** Petitioner's request for relief on this issue.

## IV.   CONCLUSION

Based on the foregoing, Petitioner's request for a writ of habeas corpus is **PARTIALLY GRANTED** such that the Court **ORDERS** Respondents to immediately release Petitioner from custody under the same conditions of release that existed immediately prior to his June 19, 2025 re-detention. The Court **DENIES** Petitioner's request to enjoin Respondents with respect to third country removal. The Court also finds it appropriate to **PROHIBIT** Respondents from re-detaining Petitioner unless there is a significant likelihood of removal in the reasonably foreseeable future.

<u>The Clerk of Court shall close the case.</u>

It is **SO ORDERED.**

Dated: January 12, 2026

Hon. Cathy Ann Bencivengo
United States District Judge